Hofner v. The State.

No. 11,153.

HOFNER v. THE STATE.

INTOXICATING LIQUOR.—*Sale by Agent.*—*Instruction.*—Where, in a prosecu-
tion for an unlawful sale of intoxicating liquor, the evidence tends to
show that the sale was made by the bartender of the defendant in his
presence, it is not error to instruct the jury, that if an agent of the defend-
ant, in his presence and with his knowledge and consent, made such a
sale, the defendant would be liable.

From the Hancock Circuit Court.

*C. G. Offutt* and *R. A. Black*, for appellant.

*F. T. Hord*, Attorney General, *L. P. Newby*, Prosecuting
Attorney, and *W. B. Hord*, for the State.

HAMMOND, J.—The appellant was indicted, tried by a jury
and convicted for selling intoxicating liquor to a minor. His
motion for a new trial, made at the proper time, was over-
ruled and an exception taken to the ruling.

The court, among other charges, instructed the jury that
if an agent of the appellant, in his presence and with his
knowledge and consent, sold intoxicating liquor to the pros-
ecuting witness, the appellant would be liable the same as if
he made the sale himself.

It is objected to the instruction that there was no evi-
dence making it applicable to the case. But in this we can
not agree with appellant's counsel. The evidence was clear
that the prosecuting witness was a minor, and that he pur-
chased intoxicating liquor at the appellant's saloon. And
while the evidence tends quite strongly to prove that the
purchase was made of the appellant himself, there was some
evidence tending to show that it was made of a bartender
in the appellant's presence. There was no error in giving
the instruction.

The evidence was sufficient in favor of the verdict to pre-
vent a reversal of the judgment.

Judgment affirmed, with costs.

Filed March 4, 1884.