## McNulty *v.* The State.

[No. 5,891.  Filed May 1, 1907.]

1. CRIMINAL LAW.—*Plea in Abatement.—Official Acts.—Collateral Attack.—Motion in Arrest.*—A motion in arrest of judgment is unavailing, where the court overruled a plea in abatement of a prosecution founded upon an affidavit executed by the deputy prosecuting attorney, who was a notary public at the time of his appointment and who acted as such in the execution of such affidavit. p. 114.

2. TRIAL.—*Instructions.—Evidence.—Invasion of Province of Jury.*—The court may not instruct the jury as to what the evidence in a case proves or what weight it is entitled to, such questions being exclusively for the jury. p. 115.

3. SAME.—*Instructions.—Invasion of Province of Jury.—Intoxicating Liquors.—Sales by Agent.*—An instruction, in a prosecution of a saloon-keeper for a sale made by his bartender, that if such sale "was made while the defendant was present, and under the circumstances shown by the evidence should have known of such sale, then you have the right to infer that said defendant had knowledge of said sale of liquor and consented to such sale, and if it is proven beyond a reasonable doubt that he had knowledge thereof and consented thereto, he is guilty," does not invade the province of the jury. Myers, C. J., dissenting. p. 115.

4. 'NEW TRIAL.—*Evidence.—Sufficiency.—Intoxicating Liquors.—Sales.*—Evidence showing that persons bought intoxicating liquors from· the defendant saloon-keeper's bartender while the saloon-keeper was standing two feet away, sustains a verdict of guilty against such saloon-keeper. p. 117.

5. APPEAL.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence. p. 118.

6. INTOXICATING LIQUORS.—*Sales by Agent.*—A sale of liquor, made by a bartender with the knowledge and consent of the saloon-keeper, is a sale by such saloon-keeper. p. 118.

From Hamilton Circuit Court; *Ralph K. Kane,* Special Judge.

Prosecution by the State of Indiana against Charles O. McNulty. From a judgment of conviction, defendant appeals. *Affirmed.*

*John F. Neal* and *J. F. Beals,* for appellant.

*Charles W. Miller,* Attorney-General, *W. C. Geake, C. C. Hadley, L. G. Rothschild, James P. Boyle* and *Fred E. Hines,* Prosecuting-Attorney, for the State.

MYERS, C. J.—Appellant, a retail liquor dealer, in the court below was tried and convicted upon an affidavit and information charging him with the unlawful selling of certain intoxicating liquors on January 28, 1905, between the hours of 11 o'clock p. m. on that day and 5 o'clock a. m. of the next day, in violation of §2194 Burns 1901, §2098 R. S. 1881.

(1) Some of the questions presented by this appeal are the same as those presented and decided adversely to appellant in *McNulty* v. *State* (1906), 37 Ind. App. 612, and in that regard we adhere to the rulings made in that case. See, also, *State* v. *Sutherlin* (1905), 165 Ind. 339. The additional questions are based on (a) the error of the court in overruling appellant's motion in arrest of judgment; (b) the error of the court in overruling appellant's motion for a new trial.

(2) Referring to the question presented by the motion in arrest of judgment, appellant says that "this motion was made on the ground that appellant's plea in abate-

1. ment stated facts which showed that the court had no jurisdiction to render judgment." The principles announced by this court in the case last cited in sustaining

the ruling of the lower court on the demurrer to appellant's plea in abatement, are clearly applicable to the question now under consideration, and fully sustain the ruling of the · trial court. ·

(3) In this court appellant argues the following reasons in support of his motion for a new trial. (a) That the trial court erred in giving to the jury on its own motion instruction seven; (b) that the verdict of the jury is contrary to the evidence and contrary to law.

In support of the first reason, appellant insists that instruction seven invaded the province of the jury to determine all facts freed from the influence of the court. It is clearly the law in this State that the court cannot in a criminal case instruct the jury as to "what the evidence proves or tends to prove after it haš gone to the jury," or the weight that should be given to evidence, "or the ultimate conclusion· from primary facts." These are matters wholly for the jury, and exclusively within the jury's province in determining the facts. *Sutherlin* v. *State* (1897), 148 Ind. 695; *Newport* v. *State* (1895), 140 Ind. 299; *Myers* v. *State* (1889), 121 Ind. 15.

In the trial of this cause the fact that appellant had knowledge of and consented to the alleged sale became a vital element in the case. By the instruction under consideration, the court, after detailing to the jury the essential elements constituting the offense charged, other than knowledge of the sale, as to that fact, told the jury that if the sale "was made while the defendant was present, and under the circumstances shown by the evidence should have known of said sale, then you have the right to infer that said defendant had knowledge of said sale of liquor and consented to such sale, and if it is proved beyond a reasonable doubt that he had knowledge thereof and consented thereto, he is guilty of the offense charged in the affidavit and information." The instruction is punctuated only by commas. In the opinion of four mem-

bers of the court that part of the instruction, "then you have the right to infer that said defendant had knowledge of said sale of liquor and consented to such sale," is objectionable, but connected as it is, and considered in connection with other parts of the instruction by which the jury were told that knowledge and consent must be proved beyond a reasonable doubt, left this fact wholly for the jury to determine from the evidence. The objectionable feature of the instruction does not command the jury to find the fact in dispute from other facts, if found, but leaves them free to draw their own inferences, and therefore is not misleading. *Newport* v. *State, supra.*

To this conclusion the writer cannot agree, for the reason that in this jurisdiction in criminal cases, the trial court is not permitted to advise the jury as to inferences of fact, but is limited exclusively to matters of law. *Sutherlin* v. *State, supra.* The true dividing line as to the authority of the court in this respect depends on whether the disputed question is one based upon an inference of fact or an inference of law. If it can be said that the inference mentioned in the instruction is one of law, the instruction is not objectionable, but if the inference is one of fact it was a matter exclusively for the jury, and therefore not within the province of the court to advise them that from certain facts they might draw a certain inference as a matter of law. Proof of the facts from which the jury might infer knowledge tended only to prove a material fact necessary to be found in order to sustain a conviction. Whether appellant had knowledge of and consented to the sale was in dispute. The evidence as to this fact was exceedingly conflicting. Although the jury were told that if they found beyond a reasonable doubt that the sale "was made while appellant was present and, under the circumstances as shown by the evidence, should have known of such sale," these were but steps in the evidence, or evidentary facts tending to prove the ultimate fact

of knowledge and consent. It was for the jury, who are, by the Constitution in criminal cases, given the "right to determine the law and the facts" (Const., Art. 1, §19), to say what inference should be given such primary facts. *Osburn* v. *State* (1905), 164 Ind. 262, 276, and cases there cited. Therefore, when the court told the jury that certain facts, proved beyond a reasonable doubt, would authorize them to infer therefrom another fact or facts involving an essential element of the case, it was in effect an instruction as to the weight the jury might give facts tending to prove the fact in issue, and was error. *Sutherlin* v. *State, supra.* As this instruction related to a primary or fundamental right of appellant to have the disputed question of his knowledge and consent submitted to the jury, without advice from the court as to the weight of the evidence in that particular (Elliott, App. Proc., §631), the writer is not prepared to say that appellant was not harmed thereby.

In support of the last reason for a new trial, appellant insists that there is no evidence that at the time charged a sale of intoxicating liquor was made by appellant or his agent. Also, that there was no evidence that intoxicating liquor was sold. These were material facts, under the charge, necessary to be proved in order to warrant a conviction, and unless the record discloses some evidence from which the jury might infer these facts, this appeal must be sustained. *Botkins* v. *State* (1905), 36 Ind. App. 179, and cases cited. The evidence in the record shows that appellant was, on January 28, 1905, a regularly licensed retail liquor dealer in the city of Noblesville, and that Elmer Applegate was his bartender, and performing such service on that day. Immediately back of the room in which appellant's bar was located was a small room in the possession and under the control of appellant. Two witnesses for the State, Frank Burkhart and Oscar H. Powell, testified that on this day they and a number of other persons were in this

back room, and while there, at 11:55 p. m., Burkhart bought from said Applegate two drinks of intoxicating liquor, for which he paid twenty cents, and that Applegate at the time was engaged in "serving drinks." Powell testified that, at the time Burkhart bought the liquor, appellant was in the same room, and about three or four feet from Burkhart.

The following are some of the questions asked and the answers given by Burkhart:

"Where was McNulty when you bought this intoxicating liquor? A. He was at the door leading out to the pool-room. About how far from you? A. Possibly two feet. How much did you buy at that time? A. Bought two drinks. Less than a quart? A. Yes, sir. You drank it? A. Yes, sir. What, if any, board, counter or temporary bar was in that back room? A. The plain board is about five feet, or probably a little longer, setting on decks, on trestles like, probably about four feet high, high as a bar generally is. The whiskey that you bought was set out on that? A. Yes, sir, in glasses. Where was Applegate with reference to that? A. He was probably within two feet of me. Applegate was back of the bar, back of this temporary bar. The opposite side from yourself? A. Yes, sir. Did you drink both glasses of whiskey? A. Powell drank one."

In our opinion this evidence, with reference to the facts in question, strongly tends to support the finding of the jury. See Dant v. State (1882), 83 Ind. 60; Loetscher v. State (1893), 7 Ind. App. 699. This being true, the question under consideration is not one of law, and therefore not within the jurisdiction of this court. Deal v. State (1895), 140 Ind. 354; Loetscher v. State, supra; Botkins v. State, supra. While it clearly appears that appellant did not make the alleged sale, yet, if made with his knowledge and consent by one authorized so to do, it will be regarded as made by himself. Hofner v. State (1884), 94 Ind. 84; Molihan v. State (1868),

30 Ind. 266; *Hanson* v. *State* (1873), 43 Ind. 550, 553; *Pierce* v. *State* (1887), 109 Ind. 535.

Judgment affirmed.

Hadley J., took no part in the decision of this cause.