Roy Milton BROWN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1079S288.

Supreme Court of Indiana.

Feb. 20, 1981.

Merle B. Rose, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a conviction for confinement, Ind.Code § 35–42–3–3, and criminal deviate conduct, Ind.Code § 35–42–4–2(b). Trial resulted in conviction on both charges. Appellant was sentenced to ten years' imprisonment on the first charge, and thirty years' imprisonment on the second charge, the sentences to be served concurrently.

Appellant seeks a reversal and a new trial based on four issues. The evidence most favorable to the State reveals that late in the night of August 29, 1978, appellant approached L.D., put a knife to her neck, told her he would kill her if she screamed, and ordered her to get into his car. Continuing to brandish the knife appellant ordered L.D. to remove her clothes, committed sexual acts upon her and forced her to commit oral sodomy on him. When another car approached his, appellant began choking L.D., ordering her to stay down. When L.D. tried to escape, appellant again pulled the knife and threatened to kill her. They struggled over the knife, appellant bit L.D. on the leg, threw her out of the car, and drove off.

### I.

Appellant first challenges the sufficiency of the evidence in two respects.

First, he argues that there was no specific evidence proving the time of the commission of the crime, citing the conflict between the date set out in the information—August 29, 1978—and the date referred to by the prosecutor during trial—August 30, 1978. Claiming that the prosecutrix never pin-pointed the date of the crime, appellant argues that the time of the crime should not be assumed to be that set out in the information.

In failing to establish the date, the State has failed to sustain its burden of proving the elements of the crime beyond a reasonable doubt, appellant claims.

L.D. testified that she was abducted between 11:00 p. m. and 11:30 p. m. on August 29, 1978, and that she was thrown out of the car about one hour later. Any conflict as to the date of the crime relates to its having continued from August 29 to August 30.

Second, appellant claims that the evidence was insufficient on the issue of identity because he has a severe stutter and L.D. noticed no speech defect in her attacker. There was evidence by defense witnesses that appellant could not utter a simple phrase without stuttering, and the transcript of appellant's trial testimony shows that he stuttered constantly except when he was required to answer with a simple "yes" or "no".

The jury also heard witnesses who testified that appellant did not stutter, or stuttered only under stress. There was evidence from which the jury could have concluded that the appellant did not always stutter. Taken with other evidence on the issue of identity, this evidence could have led the jury to conclude that appellant committed the acts charged.

The evidence was not insufficient on either basis presented.

### II.

Appellant next claims that the trial court erred in excluding evidence of a similar crime, committed while he was in jail, which tended to prove that someone else had committed the crime charged.

Proof of separate and distinct crimes not charged are generally inadmissible, but may become admissible if relevant to prove intent, motive, purpose, identity, or common plan or scheme. *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042. Since identity was an issue here, appellant argues that evidence of the other crime was admissible to disprove the element of identity. The similar *modus operandi* of the two crimes tended to prove, appellant also claims, that the unknown perpetrator of the other crime committed the crime with which appellant was charged. The State argues that the two crimes were so dissimilar that the rule on admissibility did not apply.

■ The rule governing the admissibility of evidence of a defendant's other crimes to prove the commission of a crime for which he is being tried insures the relevance and the minimization of prejudice of such evidence. Here the possibility of prejudice to the accused is not present, and therefore reliance on this rule is misplaced. We are concerned here only with the legal relevance of evidence of crimes committed by others, offered to disprove the element of identity in the crime charged.

"It is generally held that the evidence to establish that someone else, and not accused, is the guilty party must be such evidence as is relevant on the trial of the accused person, and that the evidence offered by accused as to the commission of the crime by another person must be limited to such facts as are inconsistent with his own guilt, and to such facts as raise a reasonable inference or presumption as to his own innocence.

The evidence, to be admissible, must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides accused as the guilty person. Disconnected and remote acts, outside the crime itself cannot be separately proved for such purpose; and evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." 22A C.J.S. *Criminal Law* § 622 (1961).

In *Fortson v. State*, (1978), 269 Ind. 161, 379 N.E.2d 147, a defendant attempted to introduce evidence showing that two others may have committed the crime of which he was accused based on their previous joint criminal activity. This Court held that the trial court properly refused to admit this evidence because it was irrelevant. We said:

"A defendant may, of course, establish his innocence by showing that some other person . . . committed the crime charged. . . . But the mere possibility that some third person did the act is not enough. Evidence tending to incriminate another must be competent and confined to substantive facts which create more than a mere suspicion that such other person committed the particular offense in question." 269 Ind. at 171, 379 N.E.2d at 153.

■ In this case, the proffered evidence in no way directly connected the unknown perpetrator with the *corpus delicti* of the offense charged. It did no more than raise a bare suspicion that some other person may have committed the crime of which appellant was accused. The evidence was properly excludable as irrelevant.

### III.

Appellant next claims that the trial court erred in refusing appellant's tendered instructions and in giving an instruction over appellant's objection.

The first claim is based on the following tendered instructions:

*"Defendant's Tendered Instruction No. 1*

To this charge the defendant has entered a plea of NOT GUILTY, and the burden is upon the State of Indiana to prove to each juror beyond a reasonable doubt every material allegation of the crime(s) charged, or of any offense which is included within the crime(s) charged, before there may be a conviction. The following may be included under the crime(s) charged: Count I—Battery, Recklessness, Attempted Confinement.

The definitions and material elements of all crime(s) charged and included will be stated in other instructions.

*Defendant's Tendered Instruction No. 2*

To this charge the defendant has entered a plea of NOT GUILTY, and the burden is upon the State of Indiana to prove to each juror beyond a reasonable doubt every material allegation of the crime(s) charged, or of any offense which is included within the crime(s) charged, before there may be a conviction. The following may be included under the crime(s) charged: Count II—Attempted Criminal Deviate Conduct, Battery and Recklessness.

The definitions and material elements of all crime(s) charged and included will be stated in other instructions.

*Defendant's Tendered Instruction No. 3*

A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness, a Class B Misdemeanor. However, the offense is a Class A Misdemeanor if the conduct includes the use of a vehicle or deadly weapon.

*Defendant's Tendered Instruction No. 4*

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B Misdemeanor. However, the offense is:

(1) A Class A Misdemeanor if it results in bodily injury to any other person, or if it is committed against a law enforcement officer or against a person summoned and directed by the officer while the officer is engaged in the execution of his official duty;

(2) A Class D Felony if it results in bodily injury to such an officer or person summoned and directed; and

(3) A Class C Felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon.

*Defendant's Tendered Instruction No. 5*

While the prosecution has examined each witness first, you should give careful consideration to the cross-examination conducted by the Defendant and such evidence adduced on cross-examination is entitled to equal consideration to that testimony and evidence of the prosecution upon direct examination."

■ Appellant's argument on this issue centers on a claim that the rule in *Minton v. State*, (1978), 269 Ind. 39, 378 N.E.2d 639, is in conflict with Art. I, § 19, of the Indiana Constitution which provides that the jury shall have the right to determine the law and the facts in criminal cases. In *Minton*, this Court held that instructions regarding lesser included offenses need not be given in a case in which the evidence showed that a rape and robbery had been committed and the defendant did not challenge the existence of the elements of either crime but challenged identity only. This rule is applicable here, since defendant did not challenge the existence of elements of the crimes charged, offered no evidence that he committed such lesser included offenses, and steadfastly maintained that he was in no way involved in the attack. The rule did not prevent the jury from finding whether the lesser offenses had been committed since there was no evidence to support such a finding.

Concerning Instruction No. 5, we are presented with no argument as to the impropriety of the trial court's refusal to give this instruction. This part of the issue is not before us. Ind.R.App.R. 8.3(A).

The second part of this claim is based on the trial court's giving of the following instruction over appellant's objection:

"INSTRUCTION NUMBER 7

You are the judges of the credibility of the witnesses and the weight to be given to their testimony. You should attempt to believe a witness if it can reasonably be done. You should not disbelieve a witness without due consideration and without just cause.

If you find a conflict in the testimony of witnesses, then you may decide which you do believe and which you do not

believe. In determining credibility you may take into consideration the following:

1. The bias or prejudice of any witness, or the interest that any witness may have in the outcome of this trial.

2. The manner, memory and conduct of the witness upon the witness stand.

3. Whether the testimony sounds probable or not probable.

4. Whether the witness has the ability to know the things about which he or she has testified.

5. The relationship of the witness, if any, to the accused, or to any other person who may have an interest in the outcome of the trial.

You also may consider any other proper matter which may assist you in arriving at the truthfulness of any witness who testifies."

Appellant argues that such an instruction impermissibly tells the jury to give less weight to the testimony of witnesses who are related to the defendant, citing *McNulty v. State*, (1907) 40 Ind.App. 113, 81 N.E. 109. That case recognized that courts cannot instruct the jury as to what the evidence proves or tends to prove, or as to the weight that should be given to evidence. The instruction challenged here does not tell the jury to give less weight to testimony of witnesses related to the defendant, but merely instructs the jury that it *may*, in determining credibility, consider the relationship of witnesses to the accused.

We have said that "instructions as to credibility of witnesses should be general in nature and apply equally to all witnesses both for the State and the defense." *Evans v. State*, (1973) 261 Ind. 148, 300 N.E.2d 882, 886. Since the instruction does provide for consideration of "bias or prejudice of any witness," we cannot say that the instruction was given in error. Moreover, we have held that an instruction that the jury might consider the relationship of witnesses to the defendant in determining the weight to be given to their testimony is not erroneous. *Keesier v. State*, (1900) 154 Ind. 242, 56 N.E. 232; *Morgan v. State*, (1921) 190 Ind.

411, 130 N.E. 528. There was no error in the refusing or giving of instructions.

## IV.

Finally, appellant argues that the trial court erred in not granting his motion to strike an objection to the State's notice of deposition, and in granting the State's motion for continuance.

The State filed a Notice of Deposition six days before the trial was scheduled to begin. When the witnesses to be deposed failed to appear, the State moved for, and was granted, a continuance to June 14, 1979. Ultimately, the trial began without the depositions having been taken.

Appellant claims that the deposition request was a sham and that the granting of a continuance based on such a sham requires reversal, apparently because of the denial of a speedy trial. There is no support for the assertion that the continuance was a sham, and indeed the record discloses that the motion for continuance was necessitated in part by defendant's failure to supply the State with the information necessary to find the witnesses.

The continuance was for about three weeks. Appellant has not shown that any prejudice resulted from this delay. These rulings were not erroneous. See *Stewart v. State*, (1976) 170 Ind.App. 696, 354 N.E.2d 749.

The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.