James Riley SCRIVENER, Appellant,

v.

STATE of Indiana, Appellee.

No. 1081S281.

Supreme Court of Indiana.

Nov. 12, 1982.

John P. Avery, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Aimee L. Kolze, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of burglary and theft. He was sentenced to two concurrent terms of ten (10) and two (2) years for the respective offenses.

The owners of the premises in question reported a burglary of their home and the taking of numerous household and personal items.

Appellant's girlfriend saw him on the same day in a red and white car in front of her home. A domestic disturbance ensued which resulted in the girlfriend summoning the police. As Officer Montgomery approached the subject in the red and white vehicle, the car sped away. The officer lost sight of the automobile. Shortly thereafter the car was found abandoned in a ravine. The stolen property from the house in question was in the vehicle. A witness testified he had sold the automobile to appellant. Appellant's girlfriend also testified as to the purchase of the red and white car by appellant.

■ Appellant claims the evidence is insufficient to support the convictions. Under our standard of review, we will not weigh the evidence nor judge the credibility of witnesses. *Williams v. State*, (1980) Ind., 406 N.E.2d 241.

■ Appellant claims the evidence to establish his identity as the perpetrator of the offense is inadequate. An oil can which had been removed from a kitchen shelf to a counter in the kitchen at the time of the burglary had appellant's fingerprints on its surface. Appellant contends those prints were made at a time previous to the burglary and theft. The weighing of this testimony was the province of the jury and will not be reweighed by us on appeal. We hold the record contains sufficient facts to support the verdict of the jury.

■ Appellant contends he was denied his lawful presumption of innocence. He contends he "was convicted on evidence which was not sufficient to prove him guilty beyond a reasonable doubt, because the evidence showed, unerringly, that he did not do anything wrong or illegal." We

held in *Ferguson v. State,* (1980) Ind., 405 N.E.2d 902, when the trial court properly instructs the jury as to the presumption of innocence and the State's burden of overcoming that presumption, the accused is not denied his presumption of innocence. In the case at bar the trial court properly instructed the jury defining appellant's presumption of innocence and the State's burden. Appellant's claim is without merit.

■ Appellant claims the trial court erred in refusing his tendered instructions on the lesser included offenses of criminal conversion and attempted theft. A two-step analysis is applied to determine whether it was erroneous to refuse instructions on lesser included offenses:

"First, it must be determined that the lesser offense is 'included' within the crime charged, as it was allegedly committed in the charging instrument. *Lawrence v. State, supra* [268 Ind. 330, 375 N.E.2d 208]. If so, it must then be ascertained whether the evidence produced at trial warrants submission of the lesser and included offense to the jury. Id." *Easley v. State,* (1981) Ind., 427 N.E.2d 435 at 437.

■ In the case at bar the second step of the analysis resolves the issue. Appellant asserted an alibi defense. The sole factual dispute was the identity of the perpetrator of the offense. Appellant did not dispute any of the elements of the offenses charged. The evidence did not warrant submission of instructions on the lesser included offenses to the jury. *Easley, supra; Brown v. State,* (1981) Ind., 416 N.E.2d 828.

■ Appellant argues the refusal to instruct on lesser included offenses denied the jury its right to determine the law, contrary to Article I, § 19 of the Indiana Constitution. We addressed this precise issue in a similar factual context in *Brown, supra.* We held this analysis did "not prevent the jury from finding whether the lesser offenses had been committed since there was not evidence to support it." *Brown, supra* at 831.

Appellant claims the trial court erred in denying his pro se motion for discharge pursuant to I.C. § 35–2.1–2–4, Interstate Compact Agreement on Detainers [Burns Repl.1979] (repealed by Acts 1981, P.L. 298, § 9, effective September 8, 1982). Appellant alleges the date of trial beyond the 180 day limit imposed by the Agreement on Detainers entitled him to discharge.

I.C. § 35–2.1–2–4, Article 3, reads in pertinent part:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one-hundred eighty [180] days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; Provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance."

A review of the record reveals the following chronological events relevant to appellant's allegation. Appellant was incarcerated in the Kentucky State Reformatory when he was charged by the Marion County Prosecutor's office with the instant offense. He filed a Petition for Dismissal of Detainer with the Marion County Court on October 3, 1980. On October 9, 1980, the cause was set for pre-trial conference, scheduled to be held December 17, 1980. Appellant pleaded not guilty at his arraignment on November 17, 1980. On December 17, 1980, the cause was continued until January 21, 1981, because appellant desired to plead guilty. Appellant was not present on January 21, 1981. Thus, the matter was contin-

ued to February 24, 1981, at which time he advised the court he wished to withdraw his guilty plea. The cause was set for jury trial on April 30, 1981. On that date appellant withdrew his guilty plea and requested a date for jury trial be set. The court set the cause for trial on May 7, 1981. On May 4, 1981, the parties agreed to a continuance until May 18, 1981. On May 5, 1981, appellant filed a pro se request to withdraw his attorney. The court granted the request and reset the cause for trial for June 15, 1981. On June 13, 1981, appellant again filed a pro se request to withdraw attorney which was denied. On June 15, 1981, appellant filed a pro se motion to dismiss which was denied. The cause was tried June 15 and 16, 1981.

The 180 day restriction commences when the request for final disposition made pursuant to I.C. § 35–2.1–2–4 [Burns Repl. 1979], has been delivered to the prosecuting attorney and the appropriate court having jurisdiction. *Holland v. State*, (1976) 265 Ind. 216, 352 N.E.2d 752; *Pethtel v. State*, (1981) Ind.App., 427 N.E.2d 891. Thus, the period began to run on October 3, 1980. In *Pethtel, supra,* the Court of Appeals held that the appellant applying for discharge pursuant to the Interstate Agreement of Detainers may be precluded from relief if he fails to object to a date for trial beyond the 180 day period at the time it was set or during the remainder of the time limit.

In the case at bar, the 180 day period expired on April 1, 1981, without considering the delays including three changes of plea and continuances occasioned by appellant. On February 24, 1981, thirty-five (35) days before the 180 day period expired, the trial court set the cause for trial on April 30, 1981, twenty-nine (29) days beyond the 180 day period. Thus, appellant's failure to object to the trial date when it was set, on or before April 1, 1981, precludes him from having the information dismissed under I.C. § 35–2.1–2–4, Article 3 [Burns Repl.1979].

The trial court is in all things affirmed.

All Justices concur.