STATE of Tennessee, Appellee,

v.

Robert SUAREZ, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 29, 1984.

Thomas D. Hembree, Altamont, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Nashville, J. William Pope, Dist. Atty. Gen., Pikeville, L. Mike Caputo, Asst. Dist. Atty., Jasper, for appellee.

## OPINION

TATUM, Judge.

The defendant, Robert Suarez, was indicted by the Grundy County Grand Jury for armed robbery on March 2, 1982. At the time of this indictment, the defendant was incarcerated in Oklahoma. The State of Tennessee requested temporary custody of the defendant from the State of Oklahoma pursuant to the Interstate Compact on Detainers. T.C.A. § 40–31–101. The jury found the defendant guilty of armed robbery, and the trial judge sentenced him to 10 years in the State penitentiary. On appeal, the defendant asks that the trial court be reversed and that the indictment be dismissed with prejudice. Alternatively, he seeks a new trial. We find no reversible error and affirm the judgment of conviction.

The defendant complains for the first time on appeal that he is entitled to dismissal of the indictment due to the

State's failure to comply with the 180-day time limit of Article III(a) of the Interstate Compact on Detainers. That section provides that following a prisoner's request for disposition of a retainer the prosecution has 180 days to bring the inmate to trial or the case is subject to dismissal. This 180-day "statute of limitations" is triggered when the inmate delivers his request for final disposition of untried charges to his captors. In the instant case, the defendant made his request for trial on the Tennessee charge on September 23, 1982, and the trial was held 187 days later on March 29, 1983. Although this trial was held beyond the time limits of the Detainer Compact, we hold that the defendant's failure to object to the trial date at the time it was set or during the remainder of the 180-day period resulted in waiver of his rights under Article III of the Interstate Compact on Detainers.

The United States Supreme Court in *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), held that federal law governs the interpretation of the Interstate Compact on Detainers Act. Although the detainer compact does not expressly address waiver, the Sixth Circuit has held that rights under this compact are nonjurisdictional and can be waived. *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981).

In order to discourage piecemeal litigation and to promote the finality of judgments, the Sixth Circuit has repeatedly held that failure to raise any claims for relief created by the detainer compact "prior to or during trial" results in waiver of those claims by forfeiture or default. *Kowalak v. United States, supra; Mars v. United States*, 615 F.2d 704, 707 (6th Cir. 1980), *cert. denied*, 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980); *United States v. Eaddy*, 595 F.2d 341, 346 (1979).

■ This court has recognized that prisoner rights under the detainer compact are not constitutionally based. *Mosley v. State*, 8 T.A.M. 18–28 (Tenn.Crim.App. No. 891, March 17, 1983) (citing *United States v. Palmer*, 574 F.2d 164, 167 (3rd Cir.1978),

*cert. denied*, 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978)). Moreover, although waiver of those rights must be voluntary, it need not be knowingly and intelligently made. *United States v. Black*, 609 F.2d 1330 (9th Cir.1979), *cert. denied*, 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed.2d 56 (1980); *People v. Moody*, 676 P.2d 691, 695 (Colo. 1984). In *Scrivner v. State*, 441 N.E.2d 954, 956 (Ind.1982), a trial date was set beyond the 180-day period proscribed by the detainer compact. The court held that the defendant's failure to object to the date for trial set beyond the 180-day period at the time it was set or during the remainder of the time limit precluded his application for discharge under the Interstate Compact on Detainers. We find the holding of the *Scrivner* court to be sound and correct.

Defendant, presenting other issues, alternatively insists that he be granted a new trial. We have examined these issues, and find no grounds for granting a new trial in this case.

Defendant contends that the trial judge abused his discretion in denying the defendant's motion to continue. This motion was based on the fact that a large majority of the jury panel, and three-fourths of the jurors finally selected, had read an article in the local newspaper revealing that the defendant was an Oklahoma convict.

■ The law is well-settled that a motion for a continuance is a matter addressed to the sound discretion of the trial judge, whose decision to deny the motion will not be reversed absent a clear showing of abuse and prejudice to the defendant. *State v. Goodman*, 643 S.W.2d 375 (Tenn. Crim.App.1982); *State v. Green*, 613 S.W.2d 229 (Tenn.Crim.App.1980); *Burns v. State*, 591 S.W.2d 780 (Tenn.Crim.App. 1979). Though some of the jurors read the article, the defendant has failed to show that any were prejudiced or influenced by it or that he was denied a fair and impartial trial. See *O'Brien v. State*, 326 S.W.2d 759, 766 (Tenn.1959). The trial judge did

not abuse his discretion in refusing a continuance.

■ The defendant also claims that the trial court erred in not requiring the State to produce a photographic line-up from which the victim of the crime made a pre-trial identification of the defendant on the ground that the photographs were so suggestive as to violate due process. We find the defendant's claim on this point to be meritless for two reasons.

First, although a defendant is entitled to inspect on request photographs material to the preparation of the defense pursuant to T.R.Cr.P. 16(c), any request for discovery under Rule 16 must be made prior to trial or the issue of the State's alleged failure to produce is waived. T.R.Cr.P. 12(b)(4) and (f). Secondly, the defendant failed to make any pre-trial motion to suppress allegedly tainted identification. T.R.Cr.P. 12(b)(3) and (f) require such motion to be made prior to trial or it is likewise waived. See *State v. Davidson*, 606 S.W.2d 293 (Tenn. Crim.App.1980) (holding motions to suppress in-court identifications are motions to suppress under T.R.Cr.P. 12 which should be raised prior to trial).

■ The defendant's final contention on appeal is that the evidence was insufficient to support the verdict. We disagree. The victim's pre-trial and in-court identification and description of the defendant were sufficient to convince a rational trier of fact of the defendant's guilt of armed robbery beyond a reasonable doubt. This evidence satisfies the standard of Rule 13(e), T.R.A.P. and *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The defendant also questions the credibility of the State witnesses; however, the guilty verdict, approved by the trial judge, accredited the testimony of these witnesses. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978).

The judgment of the trial court is affirmed.

DUNCAN and CORNELIUS, JJ., concur.