755 P.2d 1175

**The STATE of Arizona,
Appellee/Respondent,**

v.

**Virgil Earl NELSON,
Appellant/Petitioner.**

**Nos. 2 CA–CR 4442, 2 CA–CR 87–0171–2PR (Consolidated).**

Court of Appeals of Arizona, Division 2, Department A.

Feb. 2, 1988.

Review Denied June 28, 1988.

**188**

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee/respondent.

Daniel F. Davis, Tucson, for appellant/petitioner.

## OPINION

HATHAWAY, Judge.

Appellant was convicted after a jury trial of one count of kidnapping and one count of conspiracy. He was sentenced to two concurrent terms of 12 to 25 years' imprisonment.

The charges arose out of the murder of the president of the "Dirty Dozen" motorcycle gang. The murder occurred in April 1977. Appellant and seven others were charged in a criminal complaint in April 1986. At the time, appellant was incarcerated in a federal prison in Oklahoma on unrelated RICO charges. He was transported to Arizona in April for his preliminary hearing and then returned to Oklahoma. He was subsequently brought back to Arizona for trial in July 1985. The trial began on January 14, 1986.

Appellant raises three issues in this appeal: (1) the state violated the "anti-shuttling" provisions of the Interstate Agreement on Detainers (IAD); (2) the state failed to bring him to trial in a timely manner; and (3) the statute of limitations had expired. We affirm.

## IAD VIOLATION

■ Appellant argues that the charges against him should have been dismissed with prejudice because he was returned to the federal prison in Oklahoma after he was first brought to Arizona without being tried on the Arizona charges before his return to Oklahoma. This constitutes a violation of the "anti-shuttling" provisions of the IAD which protects a prisoner from being moved back and forth between two locations. Art. IV(e) of the IAD (A.R.S. § 31–481) states:

> (e) If trial is not had on any indictment, information or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to Article V(e) hereof,

such indictment, information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Once appellant was brought to Arizona, he should have been tried on the charges against him before he was returned to federal custody. Failure to do so was a violation of Art. IV(e). We find, however, that appellant has waived this argument as he never raised the issue with the trial court before or during the trial.

■ Federal law governs the interpretation of the IAD. *Cuyler v. Adams*, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981). In discussing the IAD, the court in *United States v. Palmer*, 574 F.2d 164, 167 (3rd Cir.), cert. den., 437 U.S. 907, 98 S.Ct. 3097, 57 L.Ed.2d 1138 (1978), stated: "The statutory right to dismissal due to an administrative violation of these rules is therefore not 'fundamental,' even though its impact on a defendant may be great." The rights not being fundamental, waiver must be voluntary, but need not be knowing and intelligent. *United States v. Black*, 609 F.2d 1330 (9th Cir.1979), cert. den., 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed. 2d 56 (1980).

■ Appellant argues that a waiver cannot be found from mere silence, citing *Brown v. Wolff*, 706 F.2d 902, 907 (9th Cir.1983). We believe the better rule requires that errors not of a fundamental nature first be challenged in the trial court in order to preserve them for appeal. *State v. Thomas*, 133 Ariz. 533, 652 P.2d 1380 (1982); *State v. Fendler*, 127 Ariz. 464, 622 P.2d 23 (App.1980), cert. den., 452 U.S. 961, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981). Because appellant failed to call to the trial court's attention the violation of Art. IV(e), he has waived his right to challenge the transfer proceedings on appeal. *United States v. Johnson*, 713 F.2d 633 (11th Cir.1983), cert. den., 465 U.S. 1081, 104 S.Ct. 1447, 79 L.Ed.2d 766 (1984); *Mars v. United States*, 615 F.2d 704, 707 (6th Cir.), cert. den., 449 U.S. 849, 101 S.Ct. 138, 66 L.Ed.2d 60 (1980); *People v. Moody*, 676

P.2d 691 (Colo.1984); *State v. Suarez*, 681 S.W.2d 584 (Tenn.Cr.App.1984).

## SPEEDY TRIAL

■ Appellant next contends that the state failed to bring him to trial within the time requirements of the IAD. Appellant had initially stated to the trial court that he was exercising his right to a speedy trial as provided for in the IAD. However, through his counsel, he later waived that right. The court asked counsel about the speedy trial issue:

> THE COURT: Mr. Couser, you indicated that perhaps Mr. Nelson's position on the speedy trial rule has changed.
>
> MR. COUSER: That's correct. He'll waive his right to speedy trial or any rights he has under the Interstate Detainer Act with the proviso that the case not be continued more than 60 days.

Excluding seven days continuance because appellant's counsel had a trial conflict, the trial started within 60 days. As we discussed, IAD rights are waivable. We find no error.

## STATUTE OF LIMITATIONS

■ Appellant finally argues that the statute of limitations (old code A.R.S. § 13–106) (now A.R.S. § 13–107) had run because the crimes charged occurred in 1977, and he was not arrested until 1986. He argues that, even though he was outside of Arizona for that period, the statute of limitations should be tolled because he was not attempting to conceal himself from the authorities. There is no merit to this argument. The statute is clear and not subject to interpretation. The statute of limitations is tolled when the "defendant is without the state." There is no requirement that the defendant conceal himself.

Affirmed.

HOWARD, P.J., and LACAGNINA, C.J., concur.