STATE of Indiana, Appellant–Plaintiff,

v.

Robert J. GREENWOOD,
Appellee–Defendant.

No. 82A01–9409–CR–298.

Court of Appeals of Indiana,
Second District.

April 11, 1995.

Pamela Carter, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellant.

John D. Clouse and John P. Brinson, Evansville, for appellee.

## OPINION

KIRSCH, Judge.

Pursuant to IC 35–38–4–2(1) and (2), the State of Indiana appeals from the trial court's order granting Robert J. Greenwood's motion to dismiss charges against him. The State presents the following issue:

Whether Greenwood's pro se demand for a speedy trial was sufficient to trigger his right to a trial within 180 days as provided by the Interstate Agreement on Detainers. We reverse.

## FACTS

In May and June of 1989, Greenwood was charged in Vanderburgh County, Indiana with a variety of criminal offenses. Warrants were issued for each charge, and Greenwood was declared a fugitive. Greenwood was subsequently incarcerated in Illinois on unrelated charges. On March 24, 1993, Illinois prison officials provided Greenwood with a "Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition," relating to the Indiana charges. Greenwood refused to sign the notice to acknowledge having received it and refused to waive extradition to Indiana.

While incarcerated in Illinois, Greenwood received legal counsel from an Illinois attorney. On September 22, 1993, the Illinois attorney entered an appearance in Indiana and filed a "Demand For Speedy Trial By Jury" on Greenwood's behalf. The State moved to strike this pleading on the ground that the Illinois attorney did not have a license to practice law in Indiana. After the trial court granted the State's motion, Greenwood filed a pro se "Demand For Speedy Trial By Jury" on October 14, 1993.

On February 10, 1994, Illinois prison officials presented Greenwood with a second "Notice of Untried Indictment, Information or Complaint and of Right to Request Disposition," relating to the Indiana charges. Greenwood signed the notice the same day to acknowledge having received it. Also on February 10, 1994, Greenwood sent an "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints" to the prosecuting attorney and the trial court, requesting final disposition of the Indiana charges. A "Certificate of Inmate Status" and "Offer to Deliver Temporary Custody," both completed by Illinois prison officials, were attached to Greenwood's notice.

Greenwood was returned to custody in Indiana on April 5, 1994. On May 9, 1994,

Greenwood filed a motion for discharge pursuant to the Interstate Agreement on Detainers (IAD).[1] The trial court held a hearing and determined that Greenwood had not been brought to trial within 180 days of his October 14, 1993 demand for speedy trial, and that such delay violated the terms of the IAD. The trial court granted Greenwood's motion and dismissed the charges against him. The State appeals.

## DISCUSSION AND DECISION

The State contends that Greenwood was not entitled to dismissal of the Indiana charges pursuant to the IAD. Article 3 of the statute provides in relevant part that:

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state,[[2]] and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint; provided that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the state parole agency relating to the prisoner."

IC 35–33–10–4.

■ "The 180 day restriction commences when the request for final disposition made pursuant to I.C. § 35–2.1–2–4 (Burns Repl. 1979), has been delivered to the prosecuting attorney and the appropriate court having jurisdiction." *Scrivener v. State* (1982), Ind., 441 N.E.2d 954, 956 (citing *Holland v. State* (1976), 265 Ind. 216, 352 N.E.2d 752, and *Pethtel v. State* (1981), Ind.App., 427 N.E.2d 891). IC 35–2.1–2–4 is now codified at IC 35–33–10–4. To be made "pursuant to" the provisions of the IAD, it is necessary that the defendant deliver his notice to custodial officials so that they might fulfill their statutory obligations and forward the notice and appropriate certifications to prosecuting authorities. *Steelman v. State* (1985), Ind., 486 N.E.2d 523, 524; *Ward v. State* (1982), Ind. App., 435 N.E.2d 578, 580. It is essential that the procedural method outlined in the IAD be followed. *Steelman*, 486 N.E.2d at 524; *Ward*, 435 N.E.2d at 580.

■ The State contends that Greenwood's October 14, 1993 pro se speedy trial request did not comply with the IAD so as to trigger the 180–day time period. We agree. Greenwood filed his speedy trial request with the trial court and served a copy upon the prosecutor. He did not provide his request or any of the required forms to Illinois officials so that they could prepare the statutorily required documentation and forward the materials to Indiana authorities. Greenwood's failure to comply with the procedural requirements of the IAD renders his October 14 speedy trial request insufficient to trigger the running of the 180–day time period.

■ The IAD time period began to run when the prosecutor and the trial court received Greenwood's February 10, 1994 notice which had been processed through Illinois officials and forwarded to Indiana authorities. The record reflects that the prosecutor and the trial judge signed an acceptance of temporary custody on February 18, 1994. The record does not reflect the date on which the prosecutor and the trial court received Greenwood's notice. This is of no significance, however, because even assuming the

1. IC 35–33–10–4 (1988 Ed.).

2. Illinois is a party to the IAD. *See* 725 ILCS 225/1 to 225/32 (Smith–Hurd 1992).

court and the prosecutor received the forms on the same day that Greenwood signed them, February 10, 1994, 180 days had not elapsed by May 9, 1994, the day on which Greenwood filed his motion for discharge. Thus, the trial court erred by granting Greenwood's motion. *See Bell v. State* (1993), Ind., 610 N.E.2d 229, 232 (motion for discharge filed prior to expiration of speedy trial time period is premature and is properly denied).

Relying on Article I, Section 14 of the Indiana Constitution, Greenwood argues that even if this court reverses the trial court, double jeopardy bars reinstating the charges and allowing further prosecution. The State responds that further prosecution is permitted by IC 35–38–4–4 which provides in relevant part:

"[I]f an appeal is taken by the state from an order or judgment by which the defendant is discharged before trial, the order or judgment does not constitute a bar to further prosecution of the defendant."

(1988 Ed.). This Court has held that, pursuant to IC 35–38–4–4, an erroneous dismissal under Ind.Crim.Rule 4(C) does not bar further prosecution once the order is reversed on appeal. *State v. Helton* (1993), Ind.App., 625 N.E.2d 1277.

IC 35–38–4–4 applies to orders or judgments "by which the defendant is discharged before trial" without specifying the basis for the discharge. We find that the statute allows further prosecution of defendants erroneously discharged prior to trial pursuant to the IAD.

Greenwood contends that despite IC 35–38–4–4, the IAD requires an absolute and final dismissal of the charges because the IAD contemplates only one extradition per defendant. An erroneous dismissal under the IAD, Greenwood contends, should not subject the defendant to a second extradition for the same charges.

Jeopardy does not attach until the jury is empaneled and sworn, *Phillippe v. State* (1984), Ind.App., 458 N.E.2d 1159, 1160, or in a non-jury trial, after the first witness is sworn or after evidence has been taken. IC 35–41–4–3 (1988 Ed.). If jeopardy has not yet attached then there is no constitutional prohibition against a second extradition prior to trial. Therefore, we hold that the double jeopardy clause of Article I, Section 14 of the Indiana Constitution does not bar further prosecution following an erroneous dismissal under the Interstate Agreement on Detainers.

In Greenwood's case, the jury had not been empaneled and sworn, the first witness had not been sworn, and no evidence had been taken. Thus, jeopardy did not attach and further prosecution is permitted.

Reversed.

NAJAM, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I would vote for reversal but cannot because of our supreme court's decision in *Scrivener v. State* (1982), Ind., 441 N.E.2d 954. In its reversal of the trial court's decision, the majority cites *Scrivener* as controlling; but *Scrivener* is actually authority which supports an affirmance.

Greenwood was incarcerated in Illinois when the office of the Prosecutor of Vanderburgh County filed a detainer against him. Greenwood eventually decided to dispose of the charges against him in Vanderburgh County and, on October 14, 1993, filed a pro se DEMAND FOR SPEEDY TRIAL BY JURY with the Vanderburgh Superior Court. The next day, the prosecution indicated it would immediately proceed to have Greenwood returned to Vanderburgh County for the purpose of an initial hearing. When Greenwood eventually arrived, the trial court set a trial date of June 6, 1994. Greenwood later moved to have his charges dismissed because he had been deprived of his speedy trial right under the Interstate Agreement on Detainers, specifically under I.C. 35–33–10–4 (Article 3(a)).

The trial court found that Greenwood had properly complied with the requirements of I.C. 35–33–10–4 with the filing of his pro se DEMAND FOR A SPEEDY TRIAL BY JURY and determined that the 180-day peri-

od had begun to run on October 14, 1993. The court also found that Greenwood had not waived the speedy trial provisions of that statute under the facts and circumstances which were present when the court had set the trial date of June 6, 1994. The court further found that the State had failed to try Greenwood within 180 days of the proper filing. The court therefore ordered the cause dismissed and the trial date vacated. In its appeal of that order, the State contends Greenwood's pro se demand for speedy trial did not comply with the requirements of the Interstate Agreement on Detainers.

The Interstate Agreement on Detainers provides, in I.C. 35–33–10–4 (Article 3(b)):

> The written notice and request for final disposition referred to in paragraph (a) hereof shall be given or sent by the prisoner to the warden, commissioner of correction or other official having custody of him, who shall promptly forward it together with the certificate to the appropriate prosecuting official and court by registered or certified mail, return receipt requested.

The majority has noted that it is necessary for the defendant to deliver his notice to the custodial officials so that they might fulfill their statutory obligations and forward the notice and appropriate certifications to the appropriate prosecutorial authorities.

In *Scrivener*, 441 N.E.2d 954, our supreme court reviewed the record to glean from it the chronological events relevant to the allegation of a violation of the 180–day limit imposed by the Interstate Agreement on Detainers. *Id.* at 956. The review of those events, however, did not show that the defendant had delivered his notice to the custodial officials in Kentucky. He had delivered them to the Marion County Court in Indiana, and that delivery had commenced the 180–day restriction. *Id.* In light of the decision in *Scrivener*, the trial court in the present case was justified in its determination that Greenwood's DEMAND FOR A SPEEDY TRIAL BY JURY, delivered to the Vanderburgh Superior Court on October 14, 1993, had commenced the period, as well. The evidence and the law support the decision of the trial court. While the decision in *Scriv-*

*ener* might well be an anomaly, I am not authorized to overrule it.

For the above reasons, the decision of the trial court is appropriate. I therefore vote to affirm it.