**Michael Allen KELLEY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 883S308.**

Supreme Court of Indiana.

March 5, 1984.

William T. Enslen, Robert M. Mirkov, Enslen, Enslen & Matthews, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Robbery, a class B felony, and sentenced to fifteen years of imprisonment.

The facts are these. A man wearing a greasy tan jacket and a yellow ski mask used a sawed-off shotgun to rob the attendants of a gas station in Hammond, Indiana. The robber took approximately three hundred dollars ($300) and fled in a brown Ventura automobile. A few minutes later the police observed a brown Ventura about one mile from the station. The police noticed only one person in the car at that time. They began to follow the car until they saw the head of a second person appear over the top of the front seat. At that time the police stopped the car. Two men, appellant and John Vargo, the driver, exited the car. The police found a tan jacket, a yellow ski mask and a sawed-off shotgun in the front portion of the car.

Both men were then arrested and taken to the police station. A search of Vargo at the station revealed he had in his possession pills which had been classified as controlled substances. After questioning, Vargo entered into a stipulated plea agreement with the State. The agreement called for Vargo to testify against the appellant in this cause, and in return the State would not object to an entry of judgment for a class A misdemeanor in lieu of the proscribed class D felony.

At trial Vargo did testify. He indicated he went to appellant's home to recover a fifty dollar ($50) debt. Appellant told Vargo that he needed to go to his mother's to get the money and asked appellant to drive him there. Vargo then drove to an area

unknown to him and parked his car where he was told. Appellant left for a few minutes. When appellant returned the pair drove away. While driving the appellant told Vargo that he had just robbed a gas station and gave Vargo the fifty dollars ($50) owed. Shortly thereafter the police began to follow the pair. When the appellant noted this he removed the jacket and attempted to stuff the gun, the mask and the jacket under the front seat. Appellant then attempted to hide himself on the floor of the front seat.

Appellant's first issue is whether or not sufficient evidence was produced to sustain the finding of the jury. The essence of appellant's argument is that since there was no positive identification by the attendants at the gas station Vargo and the appellant were both plausible suspects. He contends the only factor which differentiates their positions is the self-serving plea bargain agreement. He argues Vargo's testimony should be discounted because it was too incredible and self-serving to be believed by a rational juror. He maintains that if the evidence, absent Vargo's testimony, were examined there would be only a mere suspicion of guilt, not proof beyond a reasonable doubt.

This Court will neither weigh the evidence nor determine the credibility of witnesses. *Smith v. State*, (1981) Ind., 419 N.E.2d 743. The testimony of an accomplice should be highly scrutinized and any plea agreement must be fully disclosed to the trier of fact. Where disclosure has been made, then the credibility and weight to be accorded the testimony of the accomplice is a matter for the trier of fact. *Aikins v. State*, (1983) Ind., 443 N.E.2d 820. In the case at bar the agreement was made known to the jury and made a part of the record. After the disclosure it was for the jury to discern the truth. We will not disturb their judgment.

Appellant's second issue concerns a single pose frontal picture of the appellant which was taken by the police shortly after the arrest. The photograph depicts the appellant wearing the jacket used in the

robbery and recovered from the car. Appellant was posed in front of a plain wall in the police station, however, along the far right border of the picture a barred jail wall is visable.

The State entered the photograph as evidence at trial to demonstrate a change in appellant's appearance from the time of arrest to the time of trial. Specifically the State indicated it wished to show a change of hair length. Appellant objected to the introduction claiming the photograph was a "mug shot." Appellant contended mug shots are not admissible absent some independent probative evidentiary value inherent in the photograph. He alleges this photograph has no such value, but rather was an attempt to prejudice the jury by providing an image of the appellant pinned with two badges of guilt: the coat worn in the robbery and the jail environment. Further he maintains the photograph is akin to compelling the appellant to appear in jail clothes at trial. We do not agree.

We are not convinced this photograph is a mug shot within the accepted meaning of that term. The purpose of the photograph taken by the police was to preserve an image of the appellant at the time of arrest. The photograph was a product of police procedures to secure evidence for trial if, as was the case here, appellant changed appearance during the intervening time prior to trial. The bars shown in the photograph are not prejudicial when other direct evidence is offered to the effect he was in jail. *Lowery v. State*, (1982) Ind., 434 N.E.2d 868. Police testimony indicated to the jury the purpose of the photograph and the circumstances under which it was taken.

In addition we find no merit in appellant's contention the photograph is similar to defendants appearing in court wearing jail clothes. In *Estelle v. Williams*, (1976) 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126, the Supreme Court indicated a juror's judgment may be affected by the constant reminder of the accused's condition implicit in the wearing of jail clothing. The Court also spoke of the continuing influence of

such clothing during the course of the trial. In the case at bar there was no constant and continuing reminder to be found in the one time offering of an item of evidence. For these reasons we hold the trial court did not err in admitting the photograph into evidence.

The trial court is in all things affirmed.

All Justices concur.