**Donald TAYLOR, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1182S453.**

Supreme Court of Indiana.

Oct. 19, 1984.

Kenneth T. Roberts, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of burglary, a class C felony, Ind.Code § 35–43–2–1, and theft, a class D felony, Ind.Code § 35–43–4–2. The case was tried before a jury. Appellant was determined to be a habitual offender and the burglary sentence was enhanced by thirty years.

The appellant raises six issues on appeal: (1) whether the trial court erred in denying his Criminal Rule 4(B) motion for discharge; (2) whether the trial court erred in refusing his tendered final instructions one and two, (3) whether the trial court erred in refusing his tendered final instructions on lesser included offenses, (4) whether the trial court erred in prohibiting a portion of his final argument during the habitual offender phase of the trial, (5) whether the trial court erred in permitting State's photographic exhibits two through fourteen into evidence over appellant's objection that the State had failed to disclose the exhibits, (6) whether the evidence is sufficient to sustain his convictions for burglary and theft.

These are the facts that tend to support the determination of guilt. In the early morning hours of June 11, 1980, Indianapolis police officers were dispatched to the Illinois Department Store at 2170 North Illinois Street in response to a triggered alarm. Upon arriving at the building, Officer James Smith heard sounds from the roof and, then, observed two individuals landing on the ground near him. Officer Garold Rothenbush, also, observed two individuals jump from the roof. The individuals were apprehended and determined to be appellant Donald Taylor and Bolden Greer. Mr. Greer had a gun in his pocket. The store owner later identified the gun as belonging to him, and as having been inside the store behind the counter.

The fire department was called, and, the police, then, searched the roof of the building and discovered a large hole in the roof with a rope dangling into the store from the hole. A third individual, Waymond Wilson, was discovered hiding behind a chimney. The axe which was used to chop the hole in the roof was found inside the store. A subsequent statement by Greer revealed that the idea to burglarize the store was the appellant's. Greer also stated that appellant participated in the burglary.

■ (1) Appellant argues that the trial court erred in denying his Criminal Rule 4(B)(1) motion for discharge. Criminal Rule 4(B)(1) states:

"If any defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (7) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely

motion for continuance as set forth in subdivision (A) of this rule."

This rule requires a criminal defendant to take two steps in order to set into motion the sanction of discharge. First, the criminal defendant must move for an early trial. Second, the criminal defendant must not cause delay by continuance or otherwise.

■ In the case at bar, appellant claims that he filed a *pro se* motion for an early trial on June 25, 1980. We will assume this was a valid motion. After the filing of the motion for early trial, it was incumbent upon him to maintain a position consistent with the motion. This he did not do. Appellant requested a continuance for the arraignment on the habitual offender charge, and it was granted to August 6, 1980. Appellant also requested a continuance on the pre-trial conference, and it was granted to August 20, 1980. On August 19, 1980, the trial court continued the pre-trial conference to September 3, 1980, and the jury trial was then scheduled for December 15, 1980. Appellant raised no objection to the trial date. Appellant subsequently had several changes of attorneys and several continuances of the trial date. Finally, on January 14, 1982, more than a year after the first scheduled trial date, appellant filed his motion for discharge. It is very clear that appellant's actions were responsible in part for the delay in going to trial. The record "strongly indicates" that the appellant did not want a speedy trial. *Webb v. State,* (1982) Ind., 437 N.E.2d 1330.

The trial court did not err in denying appellant's motion for discharge for delay.

(2) Appellant tendered the following instructions which were refused by the trial court:

"Appellant's Instruction No. 1

The defendant requestes the Court to instruct the jury as follows:

The law presumes the defendant in this case to be innocent of the commission of any crime, and he is presumed to be innocent of the crime charged in the information or any offense therein embraced; and this presumption continues throughout the trial step by step.

You should reconcile the evidence in this case upon the theory of the innocence of the Defendant if it can reasonably and consistently be done, and there should be no conviction of the Defendant unless each member of the jury is convinced beyond a reasonable doubt of his guilt; for the law contemplates and indeed demands the concurrence of twelve minds in the conclusion that the accused is guilty; and so long as you or any of you have or entertain a reasonable doubt as to the guilt of the defendant, you should resolve that doubt in his favor, and he should not be convicted."

"Appellant's Instruction No. 2

The defendant requests the Court to instruct the jury as follows:

You are hereby instructed that if the State fails to prove beyond a reasonable doubt that the defendant did entertain the specific intent to commit the crime charged, then it is your duty to acquit him."

The trial court read to the jury the following instructions:

"Instruction No. 10

The law presumes the defendant to be innocent of the crime charged, and this presumption continues in his favor throughout the trial of this cause.

It is your duty, if it can be reasonably and conscientiously done to reconcile the evidence upon the theory that the defendant is innocent, and you cannot find the defendant guilty .of the crime charged in the affidavit unless the evidence satisfies you beyond a reasonable doubt.

"Instruction No. 3

Under the law of this State you are the sole judges of both the law and the evidence and you must presume that the defendant is innocent. You must continue to believe he is innocent throughout the trial, unless the State proves that the defendant is guilty, and beyond a reasonable doubt, of every essential element of the offense charged. The burden of

proof herein is on the state alone and never shifts to the defendant.

Since the defendant is presumed to be innocent, he is not required to present any evidence to prove his innocence, nor to prove, do, or explain anything. If at the conclusion of the trial, there remains in your mind a reasonable doubt concerning the defendant's guilt, you must find him not guilty."

"Instruction No. 9

A person engages in conduct 'intentionally' if when he engages in the conduct, it is his conscious objective to do so.

A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so.

You are instructed that knowledge and intent, which are essential elements to be proved herein, may be inferred from the facts or circumstances as shown by the evidence.

■ The appellant asserts that the refusal of his tendered instructions was error because they gave a more detailed definition of the concepts, "proof of guilt beyond a reasonable doubt," and "presumption of innocence" than did the pattern instructions given to the jury. The assertion is not sustained. The pattern instructions given by the court are just as thorough as appellant's instructions, and they more than adequately communicate the concepts of "presumption of innocence" and "proof of guilt beyond a reasonable doubt."

There is no ground for reversal because the substance of the appellant's tendered instructions was given by the court in the instructions set out above. *Grassmyer v. State,* (1981) Ind., 429 N.E.2d 248, 255, *Spaulding v. State,* (1978) 268 Ind. 23, 373 N.E.2d 165.

(3) Appellant contends that the trial court erred when it refused to give his instructions on the lesser-included offenses to burglary and theft.

■ A two-step analysis is applied to determine whether it was erroneous to refuse instructions on lesser included offenses: First, it must be determined that the lesser offense is included within the crime charged, as it was allegedly committed in the charging instrument. *Lawrence v. State,* (1978) 268 Ind. 330, 375 N.E.2d 208. If so, it must then be ascertained whether the evidence produced at trial warrants submission of the lesser included offense to the jury. *Easley v. State,* (1981) Ind., 427 N.E.2d 435, 437.

■ In the present case, there is no dispute as to the elements of the crimes of burglary and theft from the evidence presented at trial. Appellant's claim at trial was that he was not one of the perpetrators of the offenses. His defense at trial was in the nature of an alibi.

This Court addressed this same factual situation in *Scrivener v. State,* (1982) Ind., 441 N.E.2d 954. The Court held:

In the case at bar the second step of the analysis resolves the issue. Appellant asserted an alibi defense. The sole factual dispute was the identity of the perpetrator of the offense. Appellant did not dispute any of the elements of the offenses charged. The evidence did not warrant submission of instructions on the lesser included offenses to the jury. *Easley,* supra; *Brown v. State,* (1981) Ind., 416 N.E.2d 828. *Id.* at 955.

The trial court did not err in refusing appellant's tendered instructions on lesser included offenses.

(4) Appellant argues that the trial court erred in restricting his final argument during the habitual offender proceedings. At the commencement of the habitual offender proceeding, the State moved to incorporate the evidence from the underlying felony trial into evidence at the habitual offender proceeding. In the final argument, appellant's counsel attempted to refer to the plea agreement of Mr. Greer and the fact that Mr. Greer was not being tried as an habitual offender. However, the State objected to this reference, and the trial court sustained the objection stating that such reference was not within the issues before the jury. Appellant contends that it was

unfair to prevent him from referring to the plea agreement since the State opened the door by incorporating it into the evidence at the habitual offender proceeding.

▆▆▆ We would be inclined to accept appellant's argument if the record had demonstrated that the State had made specific reference to the plea agreement in the habitual offender proceeding and had thereby gained an advantage. However, there is no indication in the record that the State did so. As a result, the trial court's ruling was correct. The plea agreement of Mr. Greer was irrelevant to the issues before the jury. The only relevant evidence in the habitual offender proceeding is that which is closely related to the issues of whether or not the appellant has committed two prior unrelated felonies. An incorporation of the evidence from the underlying felony trial does not give each party a blank check to refer to evidence from the underlying felony trial that is not relevant to the issues before the jury in the habitual offender proceeding. Rather, an incorporation of the evidence from the underlying felony trial is actually an incorporation of relevant evidence from the underlying felony trial. This is necessary in order to insure that the jury reaches a fair and just determination based on evidence relevant to the proper issues in the habitual offender proceeding.

(5) Appellant claims that the admission into evidence of the State's photographic exhibits two through fourteen is reversible error because the State did not properly disclose this evidence.

The State filed a notice of discovery compliance on July 18, 1980, but it did not list exhibits two through fourteen. Appellant filed a motion for discovery on February 23, 1982. The record does not contain any order entry that appellant's motion for discovery was granted, but, on March 31, 1982, appellant filed a motion to compel discovery. We will assume that this motion was granted. There is nothing in the record that indicates that the State added exhibits two through fourteen to its origi-

nal notice of discovery compliance after March 31, 1982.

On June 7, 1982, the date of the trial, appellant filed a motion *in limine*, seeking to preclude the use of photographs and other items of physical evidence by the State. A discussion was held on the motion, and appellant requested a continuance, contending time was needed to compare the photographs to the scenes depicted. The trial court denied the continuance motion and ordered the State to make the photographs available to appellant, and he was given the noon recess to inspect the photographs. When the trial resumed after the noon recess, appellant objected to the exhibits.

▆▆▆ It is well-settled that the conduct of discovery is in the hands of the trial court, and the trial court's decision regarding discovery orders will not be reversed absent an abuse of discretion. *Murray v. State*, (1982) Ind., 442 N.E.2d 1012. When the State has violated the trial court's order for discovery, we have recognized two remedies. Exclusion is the proper remedy when the State's action is so misleading or demonstrates such bad faith that the only way to avoid a denial of fair trial to the defendant is to exclude the evidence. *O'Conner v. State*, (1980) Ind., 399 N.E.2d 364. Absent such circumstances, a continuance is the most appropriate remedy. *Reid v. State*, (1978) 267 Ind. 555, 372 N.E.2d 1149.

▆▆▆ Here, there is no evidence that the State's action was so misleading or demonstrates such bad faith as to deny appellant a fair trial. It appears that the failure to disclose was the result of two problems. First, the State in good faith interpreted its statement in the notice of discovery compliance that "... All items of physical evidence listed in the foregoing materials ... can be examined by contacting Det. T. Bruno ..." to mean that the photographs could be examined by appellant's counsel. However, the State negligently forgot to list the photographs. Second, Appellant did not vigorously employ the discovery process. He waited over one year before

he demanded discovery, and he did not take advantage of the opportunity to go to the prosecutor's office to examine the file which contained the photographs.

At trial, appellant moved for a continuance, and the trial court ordered the State to give the photographs to him for the noon recess. This was an adequate amount of time to review the photographs and compare them to the crime scene. Appellant had some independent knowledge of the crime scene since he was arrested at the location, and furthermore defense counsel had his own photographs of the area of land which he successfully introduced into evidence. We are not persuaded that the time to review and compare the photographs was not adequate. The trial court did not abuse its discretion when it admitted State's exhibits two through fourteen into evidence.

(6) Appellant argues that the evidence presented at his trial is insufficient to sustain his convictions for burglary and theft.

When reviewing the sufficiency of the evidence this Court will not weigh the evidence or determine the credibility of witnesses. Rather, we will consider only that evidence which is favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. The verdict will be upheld so long as there is sufficient evidence of probative value from which the jury could find the defendant guilty beyond a reasonable doubt. *Showecker v. State*, (1981) Ind., 432 N.E.2d 1340, *Willard v. State*, (1980) 272 Ind. 589, 400 N.E.2d 151.

In addition, a burglary or theft conviction may be sustained by circumstantial evidence alone. *Ward v. State*, (1982) Ind., 439 N.E.2d 156.

The evidence recited above in the statement of facts was clearly sufficient to convict.

The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.