**John STEELE, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 683S211.

Supreme Court of Indiana.

March 5, 1985.

Dawn Wellman, Cohen & Thiros, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979) and was sentenced to fourteen (14) years imprisonment. His direct appeal presents but one issue for our review—whether the evidence was sufficient to sustain the conviction.

The record discloses that at approximately 8:00 p.m. on March 26, 1982, Larry Gertz, a resident of Hammond, Indiana, received a telephone call from an acquaintance, Ricky Rumsey (Ricky). Gertz told Ricky that he was leaving for the evening. Thereafter, at approximately 9:30 p.m., Gertz left his house, locking all the doors. All windows were closed. The next morning, Gertz returned to his house and found the front door standing open and a window open in the dining room. After looking

through his house, he determined that his coin collection, which he kept in a "cubbyhole" behind a bar in the upstairs bedroom, was missing. Gertz testified that he had shown the coin collection to Ricky approximately one week prior to the burglary and that Ricky was the only other person who knew its location.

Ricky testified that on March 26, 1982, he and his brother Robert and the Defendant and his brother, Charles Steele, planned to break into Gertz's house. He further testified that the burglary was primarily his idea, that he and the three others went to Gertz's house and that Charles Steele cut a window screen, pushed the window open, entered the house, and opened the front door for him and the Defendant. Robert Rumsey remained outside by the corner of the house. Ricky, the Defendant, and Charles Steele then went upstairs, got the coins, left the house by way of the back door, and went to the Defendant's house where they divided the coins.

> "Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses." (citations omitted).

*Loyd v. State*, (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105. Moreover, the uncorroborated testimony of an accomplice will support a conviction. *Taylor v. State*, (1981) Ind., 425 N.E.2d 141, 143.

Defendant argues that there is no evidence that he actively participated in the crime. We do not agree. While Ricky testified that the idea was "mainly" his, he further testified that all four men, including the Defendant, *planned* to break into Gertz's house. The four then went to Gertz's home which Charles Steele entered

through a window which he pried open. Charles Steele then opened the front door for Ricky and the Defendant. The Defendant, Ricky, and Charles Steele then went upstairs, and Ricky directed them to the coin collection. Upon leaving Gertz's home, the four went to the Defendant's home and divided the stolen coins.

From this evidence, a jury could reasonably infer that the Defendant actively participated in the commission of the crime. *See Cary v. State*, (1984) Ind., 469 N.E.2d 459, 461–462.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.