Michael RHONE, Appellant,

v.

STATE of Indiana, Appellee.

No. 285S50.

Supreme Court of Indiana.

May 21, 1986.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Michael Rhone was convicted at the conclusion of a jury trial in the Marion County Superior Court of rape, a class A felony. The trial court sentenced him to fifty (50) years. The following issues are raised for our consideration on direct appeal:

1. the composition of the jury;
2. the offer and withdrawal of State's Exhibit No. 3;
3. alleged prosecutorial misconduct;
4. sufficiency of the evidence; and
5. sentencing.

Appellant and his mother lived above T.B., the victim. He knocked on her door and asked to use her telephone at approximately 9:30 p.m. on March 5, 1984. As T.B. told him her phone was not working, it rang. Appellant forced his way into the apartment at knife-point as T.B. told the caller, her former husband, to hurry over. Appellant told T.B. he was crazy, threatened to kill her, and pushed her down onto the couch where he forced her to have intercourse with him, all the while holding a knife to her throat. Appellant left and T.B. called a friend in Greencastle and told her what happened. T.B. called the police after her former husband arrived. A subsequent rape examination proved positive for the presence of semen.

## I

The State exercised one peremptory challenge during *voir dire* against a black woman because she once had been a defendant herself and indicated reluctance to convict on the basis of a single eyewitness' testimony. The jury was subsequently accepted and sworn. Appellant, who is black, maintains the all-white jury did not fairly represent a cross-section of the community. He moved for a mistrial based on the racial

composition of the jury, which the trial court overruled.

■ Appellant acknowledges our standard of review for this issue, that he is required to demonstrate purposeful discrimination against blacks by their systematic exclusion from the jury. *Smith v. State* (1984), Ind., 465 N.E.2d 1105, 1115, *reh. denied* (1984). However, he contends we should abandon this standard in favor of that set forth in *Commonwealth v. Soares* (1979), 377 Mass. 461, 387 N.E.2d 499, U.S. *cert. denied* (1979), 444 U.S. 881, 100 S.Ct. 177, 62 L.Ed.2d 110. Whereas we presume that peremptory challenges are used properly, *Sears v. State* (1983), Ind., 457 N.E.2d 192, 194, under *Soares* a defendant may rebut that presumption upon showing: 1) a pattern has developed whereby several prospective jurors who have been peremptorily challenged are members of a discrete group; and 2) it is likely they are being excluded solely by reason of their group membership. *Soares,* 377 Mass. at 490, 387 N.E.2d at 517. Appellant maintains that the prosecutor's peremptory challenge of one black should shift the burden of proof to the State to show that such was not done in violation of his sixth amendment rights.

■ Appellant has neither met the burden placed upon him in *Smith* to show purposeful discrimination, nor has he shown any reason why this standard should be discarded in favor of that set forth in *Soares.* Furthermore, the facts of this case do not rise to the level of discrimination contemplated in *Soares.* There is no error in the composition of the jury.

## II

The State offered into evidence T.B.'s telephone bill for March, 1984, in order to show she had called Greencastle, Indiana at 10:01. The trial court sustained Appellant's objection that the document had not been made available prior to trial pursuant to a discovery order. The State withdrew its offer to admit the bill and the court admonished the jury to disregard any statement concerning it. Appellant then moved for a mistrial due to the prosecutor's attempt to offer a document into evidence in violation of a discovery order. Appellant claims he was prejudiced because T.B.'s credibility was bolstered by the offer of an inadmissible document.

■ Where a discovery order is not complied with the trial court may exclude the evidence if bad faith is shown or the defendant would be denied a fair trial; otherwise a continuance is the proper remedy. *Taylor v. State* (1984), Ind., 468 N.E.2d 1378, 1383. The choice of remedy is within the discretion of the trial court. *Id.* Appellant did not show bad faith on the prosecutor's part in the present case, nor did he seek a continuance. Furthermore, the document was merely cumulative since it would have done no more than corroborate the testimony of T.B. and her friend from Greencastle that T.B. made the phone call at approximately 10:00 p.m. In light of these facts, the withdrawal of the document and the trial court's admonition to the jury served to remedy any error caused by the State offering the document.

## III

■ During final arguments the prosecutor stated:

"What possible reason would [T.B.] want to get up here and accuse the wrong person? What has been the treat in store for her because of this trial? She gets to tell a whole bunch of strange police officers about being raped."

Appellant objected because the comments were a "blatant play on the sympathy of the jury." The trial court sustained the objection, stating the comment was not based on facts in evidence. In *Maldonado v. State* (1976), 265 Ind. 492, 498–499, 355 N.E.2d 843, 848, we set forth the factors to be considered when reviewing a charge of prosecutorial misconduct: that the prosecutor engaged in misconduct, which misconduct placed the defendant in grave peril to which he should not have been subjected, determined by the persuasive effect of the misconduct on the jury's decision. *See also*

*Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 90, *reh. denied* (1985). We have held also that a prosecutor may comment upon the credibility of witnesses in closing argument as long as the assertions are based upon reasons which arise from the evidence. *Beard v. State* (1981), Ind., 428 N.E.2d 772, 775. Here, the prosecutor's comment went to the credibility of T.B. and was based upon facts in the record, that T.B. had described the rape to several police officers. The prosecutor did not assert matters not in evidence, nor did she set forth her own opinion. Her comment did not result in grave peril to Appellant, and any persuasive effect it may have had on the jury's decision was cured by the trial court sustaining the objection and admonishing the prosecutor.

The prosecutor also stated T.B. had to move out of her apartment because she was afraid to stay there. Appellant moved for a mistrial because the comment was based on matters outside of evidence. The trial court overruled the motion. Clearly, this comment was proper because there was evidence that Appellant lived above T.B., that T.B. had others stay with her, that she did not want to be alone, that she did not want to return to the apartment, and that she did move out. The prosecutor's final argument may point out any reasonable inference from facts in evidence. *Roose v. State* (1983), Ind., 449 N.E.2d 594, 597. From all of the facts in the record it is reasonable to infer that T.B. moved out because she was afraid.

### IV

Appellant next alleges his conviction was based on insufficient evidence. To support his argument Appellant sets forth certain aspects of testimony he alleges are unbelievable. Our standard where sufficiency of evidence is challenged is that we will neither weigh the evidence nor judge the credibility of the witness; rather we will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value to support the jury's verdict, we will not disturb it. A conviction for rape may be sustained by the uncorroborated testimony of the victim. *Watkins v. State* (1984), Ind., 460 N.E.2d 514, 516. In the present case the evidence went beyond T.B.'s testimony, was corroborated by others, and was sufficient to sustain the trial court's conviction.

### V

Finally, Appellant contends he was improperly sentenced because the trial court imposed an aggravated sentence without specifying aggravating circumstances. Ind.Code § 35–38–1–3 (Burns 1985) required the trial court to specifically state its reasons for enhancing Appellant's sentence. The trial court may consider, *inter alia*, the defendant's prior criminal record, his character, the risk he will commit another crime, his history of criminal activity, and whether he has recently violated the conditions of any parole granted him. Ind.Code § 35–38–1–7 (Burns Supp. 1985). In the present case the trial court considered all of these, as is reflected in its finding there were no mitigating circumstances; Appellant was on parole for rape; he'd been arrested and convicted of burglary, rape, and theft in 1982; and he was a dangerous person. The trial court's rationale for sentencing Appellant to an additional twenty years was adequately set forth in the order of sentencing.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.