**Kelly D. STRODE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 785S277.**

Supreme Court of Indiana.

April 16, 1987.

Reginald B. Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant on two counts of Theft, Class D felonies, and a finding that appellant was an habitual offender. He received sentences of two (2) years on each of the theft counts, one of which was enhanced by thirty (30) years by reason of his status as an habitual criminal.

The facts are: On the evening of January 29 and the early morning hours of January 30, 1984, appellant accompanied David and Monte Smith to the south side of Indianapolis and to Greenwood, in Johnson County, in a stolen brown Ford pickup truck driven by David Smith. The three stopped at the residence of Dennis LaLae-mand on Bolder Road in southwest Marion County because the utility door to the garage was open. The three entered the garage and took a twelve-pack of beer, two bottles of wine, a ham and a briefcase and placed the items in the bed of the truck.

LaLaemand heard a noise in his garage between midnight and 1:00 a.m. Upon investigation, he discovered that the garage light was on and the side door was open.

Appellant and his companions then went to the Wind Song subdivision in Johnson County, parked the truck and walked around the houses checking the back doors. Mrs. Hilda Burdine, who resides at 301 Leaning Tree Road in the Wind Song area, awoke at approximately 2:40 a.m. to the sound of her screen door opening. She heard male voices below her bedroom window. She awoke her husband, Eastal Burdine, and called the Johnson County Sheriff's Department.

Appellant and his companions proceeded to the residence of Larry Suding at 122 Leaning Tree Road and took a kerosene heater and a portable radio from Suding's unlocked Florida room. The three placed the items in the truck bed and reentered the cab.

Sergeant Joe Barger of the Johnson County Sheriff's Department arrived at the Burdine residence approximately ten minutes after Hilda's telephone call. Sheriff Barger and Eastal followed footprints in the snow leading from the rear of the Burdine's residence to a house on Jasmine Road, where they noted that a utility room door was open. As they continued to follow the footprints, they saw appellant and the Smiths pass by in the Ford pickup.

A security officer, Tom Krukemeier, who arrived moments later, followed the distinctive tire tracks of the pickup truck north to Marion County. Krukemeier noted that there was only one set of tire tracks on the snow-covered road. He was able to trail the truck, which he found parked near a blue pickup in the Hill Valley Estates subdivision.

As Krukemeier passed the two vehicles he saw Monte Smith run from a nearby house and climb into the brown pickup. Krukemeier also saw appellant and David

Smith in the blue pickup. He later learned that they were in fact in the process of stealing the blue pickup. As Krukemeier watched, the two pickups proceeded south on Delaware Street with their headlights off. Monte Smith lost control of the brown pickup and collided with a parked car.

Corporal Charles Ellison followed the blue pickup, which he found empty, with the engine running. Accompanied by his police dog, Ellison followed footprints that led him to appellant, who was hiding behind a bush. Ellison also was able to apprehend David Smith.

Appellant claims the verdict of the jury is contrary to law in that it is not supported by sufficient evidence of probative value on every material element of the offenses. This Court will not weigh the evidence nor judge the credibility of witnesses. *Taylor v. State* (1984), Ind., 468 N.E.2d 1378.

In addition to the other State's witnesses who provided the evidence above-recited, Monte Smith signed a waiver of rights form and gave a full statement implicating himself, his brother and appellant. Monte Smith testified before the jury, where a full disclosure was made of his agreement with the State to turn State's evidence. He was subjected to full cross-examination by defense counsel. Appellant takes the position that Monte Smith's testimony is biased and incredible due to inducements offered by the State in exchange for his testimony.

Such information goes to the weight of the testimony of the accomplice and was submitted to the jury in this case for that purpose. It thus fell within the province of the jury to discern the truth of the situation. *Kelley v. State* (1984), Ind., 460 N.E.2d 137. The uncorroborated testimony of an accomplice is sufficient to support a conviction. *Steele v. State* (1985), Ind., 474 N.E.2d 1001; *Davis v. State* (1985), Ind., 472 N.E.2d 922.

In the case at bar the jury was not required to rely entirely on Monte Smith's statements. There was ample circumstantial evidence separate and apart from Smith's testimony to support the conviction. Witnesses observed appellant and his accomplices in the vicinity of the crimes and police officers were able to trail them from the scene of the crimes to the point of their capture. This evidence standing alone was sufficient circumstantial evidence to support the conviction. *Taylor, supra; Ward v. State* (1982), Ind., 439 N.E.2d 156.

The fact that when apprehension was imminent appellant fled the arresting police officer and hid behind a bush is also evidence which the jury could consider to establish guilt. *Abercrombie v. State* (1985), Ind., 478 N.E.2d 1236.

Appellant claims it was fundamental error for the trial court to enhance his sentence by thirty (30) years by reason of his status as an habitual offender. He takes the position that the only crimes which he had committed were passive felonies that did not involve personal injury; therefore, the habitual criminal statute should not be invoked. Imposition of an enhanced sentence based on a finding of habitual offender is not grossly disproportionate to the severity of the crime. *Norris v. State* (1979), 271 Ind. 568, 394 N.E.2d 144. This is true whether or not the underlying felonies are violent crimes. *McMahan v. State* (1978), 269 Ind. 566, 382 N.E.2d 154.

Appellant also argues that an habitual penalty should not have been invoked because the items that were taken in the thefts were of small value. The portion of the theft statute under which appellant was charged does not require the items to be of any certain value. Ind.Code § 35–43–4–2. It is true that LaLaemand testified that the briefcase taken from his garage was of no value to him and that he was intending to dispose of it; however, this is of no moment in view of the fact of the obvious value of the beer, wine and ham taken at that time.

We find no error in the imposition of the enhanced sentence by reason of the status of habitual criminal.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.