Dwayne SCRUGGS, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8609–CR–825.

Supreme Court of Indiana.

Aug. 27, 1987.

Walter E. Bravard, Jr., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of Rape, a Class A felony, and Robbery, a Class B felony. Appellant received concurrent terms of forty (40) years and twenty (20) years respectively.

On the night of February 1, 1986, the victim was walking toward her home when she was accosted by a man later identified as appellant. The man was wielding a knife and demanded money. He then forced the victim to engage in sexual intercourse. The area was sufficiently lighted to enable the victim to see her assailant's face during the attack. She was also able to observe the clothing he was wearing. A hospital examination revealed the presence of seminal fluid on the victim.

After examining some two hundred photographs at police headquarters, the victim picked out appellant's picture. She also made an in-court identification of appellant as the man who had raped and robbed her.

Appellant claims the trial court erred in denying his motion for mistrial. He claims the jury was improperly informed of his prior criminal history through an evidentiary harpoon. During the cross-examination of State's witness, Detective Thomas Sickels, defense counsel was questioning the witness concerning the victim's viewing of the photographic array and whether or not she had been instructed prior to such viewing.

The officer was specifically asked, "What did you tell her?" Some confusion followed between the witness and the attorney as to what response was expected. The attorney said, "Alright, [sic] you explained the photo file, but what did you tell her to do with regards to the photo file?" The witness answered, "O.k, I explain[ed] to her [that] the photo file that we have are [sic] individuals who have all been arrested for rape or a sex assault." At that point, counsel for appellant objected, moved that the answer be stricken and also moved for a mistrial. After a lengthy discussion between the court and the attorneys, in the absence of the jury, the court sustained a motion to strike but overruled a motion for mistrial. The jury was returned to the courtroom and admonished to disregard the remark of the officer.

There is no doubt that evidentiary harpoons are frowned upon by this Court. *Pinkston v. State* (1982), Ind., 436 N.E.2d 306. Had the officer made such a remark in response to direct examination by the State or had his answer been totally unresponsive to cross-examination, it would certainly be considered to be an evidentiary harpoon and as such an improper exposure of the jury to irrelevant evidence offered solely for the purpose of reflecting unfavorably upon appellant. *White v. State* (1971), 257 Ind. 64, 272 N.E.2d 312. However, in the case at bar, appellant's counsel was pressuring the witness to describe exactly what he stated to the victim and how she responded to the viewing of the photographs. The statement of the officer does not appear to be a deliberate harpoon but was an improper statement uttered under the pressure of vigorous cross-examination.

**1060** 

Under such circumstances, it was within the sound discretion of the trial court to determine whether a mistrial was warranted. *Boyd v. State* (1986), Ind., 494 N.E.2d 284. A mistrial is required only when a defendant is placed in a position of grave peril to which he should not have been subjected. *Id.* Generally, an admonishment by the trial court is sufficient to cure any error. *Manns v. State* (1985), Ind., 472 N.E.2d 918.

The court did not commit reversible error in overruling the motion for mistrial.

Appellant claims there is insufficient evidence to support the verdict of the jury. Although appellant acknowledges this Court will neither weigh the facts nor judge the credibility of the witnesses, citing *Feliciano v. State* (1985), Ind., 477 N.E.2d 86, he nevertheless claims there is insufficient evidence to identify him as the alleged attacker. The uncorroborated testimony of the victim is sufficient to sustain a conviction. *Rhone v. State* (1986), Ind., 492 N.E.2d 1063.

Appellant claims there was insufficient light at the scene for the victim to have properly identified him. However, the testimony of the victim was to the contrary. Appellant also claims the victim's description of the clothing worn by her attacker varied from time to time. The major variance he points to was the fact that at one point the victim described the boots her attacker was wearing as being black, whereas appellant's boots, although of the type described by the victim, were in fact brown. All discrepancies were placed before the jury. They go only to the weight of the evidence and the jury's decision in that regard will not be overturned on appeal. *Wiles v. State* (1982), Ind., 437 N.E.2d 35. There is ample evidence in this record to sustain the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.