Bruce E. **GONZALES**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 06S00–8711–CR–1097.

Supreme Court of Indiana.

Dec. 2, 1988.

[black bar]

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Criminal Deviate Conduct, a Class A felony, for which he received a sentence of thirty (30) years, and Rape, a Class A felony, for which he received a sentence of thirty (30) years, the sentences to run concurrently.

The facts are: On October 11, 1986, the victim was sitting in her car on DeWald Street in Fort Wayne, Indiana waiting for friends. She was approached by a man whom she later identified as appellant. Appellant pointed a gun at her and demanded she move over to the passenger seat. Appellant then entered the car and drove around the city for a period of time. He eventually parked in a church parking lot and led the victim to railroad tracks near the church. At that time, he told her he intended to have sexual relations with her, and then he would kill her.

As appellant began fondling the victim, he noticed that other persons were in the area. He returned the victim to the car and drove to another location which appeared to be a deserted house made into apartments. After a brief stop there, he drove to a third location which turned out to be a garage owned by appellant's father. He took the victim into the garage and locked the door. He forced her to sit on a bed located in the garage. He then took off her pants and his own pants. He first forced the victim to commit fellatio; then raped her. Before they left the garage, the victim placed a pack of cigarettes on the floor.

Upon leaving the garage, they went to Roberta's Lounge on Lewis Street in Fort Wayne where the victim heard other persons call appellant Bruce. She testified that during the time appellant went inside the lounge she remained in the automobile by herself. He then took her to a house on Lillie Street which had a sign in front which read "Joe's Candy Store." At that time, appellant got out of the car and allowed the victim to return to the driver's seat. She returned home, called a friend, and then told her boyfriend and her parents what had happened. The police then were called.

Police officers testified that in their initial investigation the victim told a different story than she later told. Her first version was that she was raped in the church parking lot, and the subsequent locations were not mentioned. However, two days after telling the police her first version of the incident she corrected it to comply with the version stated on the witness stand. During the trial, the victim stated that she did not tell a complete story at first because she was fearful that if she totally cooperated with the police appellant might injure her or some member of her family. She further stated that her boyfriend was a hothead and that she believed if she gave him the full story he would seek out appellant and get himself shot.

Appellant presented Ramona Saylor as an alibi witness. She testified that appellant and his daughter were at her house located on Minor Street in Fort Wayne during the entire time the rape allegedly occurred. Evidence disclosed that the alibi witness is the aunt of appellant's two children.

Appellant's sole assignment of error is that there is insufficient evidence to support the verdict of the jury. This Court will not reweigh the evidence nor evaluate the credibility of the witnesses. *Fleck v. State* (1987), Ind., 508 N.E.2d 539. It is for the jury to weigh the evidence given by the victim and by the alibi witness and to determine whom they will believe. *Townsend v. State* (1984), Ind., 460 N.E.2d 139. Testimony of a rape victim identifying a defendant as the rapist is sufficient to sustain the

defendant's conviction for rape. *Floyd v. State* (1987), Ind., 503 N.E.2d 390.

In *Scruggs v. State* (1987), Ind., 511 N.E. 2d 1058, this Court held that testimony containing discrepancies which were placed before the jury were to be evaluated and resolved by the jury whose decision would not be overturned on appeal. In the present case, the victim's original account of the sexual attack which differed from her testimony at trial was placed squarely before the jury. The jury heard the victim's reasons for giving the conflicting stories and was in a position to judge the facts of the case. This is not a case of a lack of evidence to support a verdict, but rather is a case of conflicting evidence to be weighed by the jury. We will not disturb their finding.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.