Glenn ERVIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8801–CR–153.

Supreme Court of Indiana.

Dec. 6, 1988.

---

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a verdict of guilty but mentally ill to the charge of Attempted Murder, a Class A felony. Appellant received a sentence of thirty (30) years imprisonment.

The facts are: Appellant and the victim were married but separated. Sometime during the marriage, appellant apparently became obsessed with the idea that his wife was unfaithful to him and was plotting to kill him. Several letters from appellant to his wife revealed such delusions and paranoia. Because of this condition, appellant had been committed to Midtown Mental Health Center and LaRue Carter Hospital from May to November in 1985. In May of 1985, appellant had attempted to kill his wife by choking her.

On April 22, 1986, the victim returned from a Bible class and she and appellant entered into a normal conversation about her evening's activity. The conversation led to appellant's recital of his experiences in the hospitals and progressed to the point of his accusations of unfaithfulness against the victim and his questioning her as to how many of her children were his.

The victim went to the bedroom to collect her shoes and to wake two of her daughters who were sleeping on the bed. Appellant followed her to the bedroom and told her she might as well wake up the children and let them see him kill her. Appellant then went to the bathroom, stepped on the toilet, lifted up a ceiling panel, and removed a knife from a hiding place.

With the daughters attempting to intervene, appellant launched an attack upon the victim, stabbing her several times until he bent the blade of the knife. He then retreated to the kitchen, obtained a butcher knife, and returned to continue the attack. The last thrust of the butcher knife went entirely through the victim's neck.

Appellant then left the house and states he has no memory of what happened until he "came to" in South Bend and that he walked from there to Niles, Michigan and later returned to Indianapolis where he was apprehended in Brookside Park. The victim's injuries required several operations including a tracheostomy and will require further treatment for quite some time.

Appellant claims that the jury verdict of guilty but mentally ill is contrary to both the law and the evidence. Appellant correctly points out that to be guilty of the crime of attempted murder the jury must be able to find that appellant knowingly committed the crime, that is, that he proceeded to act with knowledgeable intent. Had the uncontradicted evidence in this case been that appellant was so mentally ill that he was unable to form the intent to commit the crime, then appellant's position would be sound, and it would be the duty of this Court to reverse the conviction. Ind.Code § 35–41–3–6(a); *See Green v. State* (1984), Ind., 469 N.E.2d 1169.

However, in the case at bar, the trial court appointed two physicians to examine appellant pursuant to his plea of insanity. Dr. Hull testified that, in his opinion, appellant was not of sound mind at the time he committed the offense and was unable to appreciate the wrongfulness of his conduct. However, Dr. Schuster testified that, in his opinion, appellant, although mentally ill, had sufficient comprehension to understand the wrongfulness of his conduct and that he understood the difference between right and wrong. He explained that he based this observation on the fact that appellant left the scene of the crime and absented himself from the state thus demonstrating that he realized the wrongfulness of his act. These two expert opinions together with the testimony of lay witnesses presented the entire factual situation for the jury's determination.

When conflicting evidence has been presented to the jury, this Court will not reweigh that evidence. The determination of the jury will not be disturbed. *Rhone v. State* (1986), Ind., 492 N.E.2d 1063. The evidence in this case is sufficient to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.